JULIAN L. HAMERSLAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. P. HAMERSLAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13596, 13597. Promulgated January 28, 1929.

VAN FOSSAN: The only question before us is whether or not the payments made by petitioners to their mother and sister in the taxable years may be deducted in determining the partnership income distributable and taxable to petitioners for those years. It is contended that these payments are a distribution of profits to the mother and sister as special partners in the business, and that the amounts so paid are not partnership income distributable and taxable to petitioners. It is also contended that petitioners acquired the Enterprise Paper Box Co. subject to the payment of the agreed amounts to their mother and sister, which had to be paid before petitioners were entitled to share in the partnership profits.

The Enterprise Paper Box Co. was bequeathed to and became the property of the petitioners under the will of their father. No interest in the business was given to Carrie Hamerslag and none was given to Ruth Hamerslag, except the right to receive $50 a month out of the revenues as long as she remained unmarried. Both the mother and sister accepted the provisions of the will and consented to the distribution of this business to the petitioners. Any right that they otherwise may have had to share in the business as a part of the estate was relinquished and the provisions made for them by the testator accepted in lieu thereof. The nature of the provision made by the testator in his lifetime for his wife, referred to in paragraph third of the will, does not appear and is not material here. The understanding or agreement between the testator and petitioners that they would provide for their mother and sister after the testator's death, and the decision of petitioners fixing the amount to be contributed to their support, did not give to the mother and sister an interest in the Enterprise Paper Box Co. The sums to be paid pursuant to this understanding and decision were not made a charge upon, or a liability of the business. No legal interest in the business or legal right to any portion of the profits was thereby created or vested in the mother and sister. Payments made by petitioners from any source whatever would be a full compliance with the understanding or agreement.

Whether or not this alleged agreement imposed a valid enforceable legal obligation upon petitioners may be questioned. It appears to be nothing more than a mutual understanding that petitioners would discharge the moral duty resting upon sons and brothers to make any necessary contribution to the support and maintenance of their mother and sister. Had it been intended by this understanding to impose a legal obligation upon petitioners to pay a portion of the profits from the business to their mother and sister for support, it is not clear why the testator excluded it from his will and expressly provided that the payment of $50 a month out of the revenues to

Ruth Hamerslag should be a first and fixed charge against the business. But a decision of that question is not necessary or material to this case. It is clear from this record that Carrie Hamerslag and Ruth Hamerslag acquired and owned no interest whatever in the Enterprise Paper Box Co. under that understanding or agreement and the petitioners' decision as to the amounts of such payments.

Manifestly the mother and sister of petitioners were not partners, special or otherwise, in the Enterprise Paper Box Co. They possessed none of the rights, powers or attributes and owed none of the duties or liabilities usual or incident to partners. They were not held out as partners, they had no authority to contract for or otherwise bind the partnership, they were not responsible for or chargeable with any losses or debts of the partnership or any part thereof, and they contributed neither services nor capital to the business. Nothing in this record supports the contention that petitioners' mother and sister were special partners in this business. See *George M. Cohan*, 11 B. T. A. 743, and *Sam H. Harris*, 11 B. T. A. 871.

It is equally clear that, except as to the $50 payable monthly to the sister, the payments made by petitioners to their mother and sister during the taxable years were not paid by reason of any legal interest in the partnership property or business or in satisfaction of any enforceable legal right to partnership profits. Petitioners owned the entire business, were the only partners therein and, subject only to the sister's annuity of $50 a month, were entitled to all profits. Accordingly, the distributive share of each partner in the net income of the partnership is taxable to him and must be included in his individual return for income-tax purposes (section 218(a) of the Revenue Acts of 1918 and 1921). The payments made by petitioners to their mother and sister in the taxable years are not deductible from the partnership income distributable to them (except as hereinafter indicated as to the monthly payment of $50 to the sister), and were improperly excluded by petitioners from their distributive shares of partnership income for the taxable years. Cf. *Ormsby McKnight Mitchel*, 1 B. T. A. 143; 9 Fed. (2d) 414; 15 Fed. (2d) 287; *Robert L. Scott et al.*, 9 B. T. A. 955; *George M. Cohan, supra; Sam H. Harris, supra;* and *Charles F. Colbert, Jr.*, 12 B. T. A. 565.

Petitioners acquired the business, however, subject to the payment of $50 a month to their sister as long as she remained unmarried, and the testator expressly made this payment a first and fixed charge against the business. Although petitioners were the owners of the entire business and the profits therefrom, this annuity to their sister imposed a charge upon the revenues which had to be paid before there

could be any profit distributable to petitioners as partners. The payment of this annuity from the earnings of the business was obligatory and to that extent reduced the income or profits otherwise distributable and taxable to the petitioners. The amount of this annuity should be deducted in computing petitioners' distributive shares of partnership income for the taxable years. See *James M. Hutchinson et al.*, 11 B. T. A. 789.

We hold, therefore, that, except to the extent that the payments to the sister represented the annuity of $50 per month provided for her by the testator's will, the payments made by petitioners to their mother and sister in the taxable years were erroneously excluded or deducted by them in computing their distributive shares of partnership income. Saving the indicated exception, the action of the respondent was correct

*Judgment will be entered under Rule 50.*

*H. H. Hunt, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.